UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,                               Criminal Case No. 16-20394

v.                                          Misc. Case No. 17-50280
                                              Misc. Case No. 17-50336

James Robert Liang, *et al.*,
                                              Sean F. Cox
    Defendants.                         United States District Court Judge

_____/

**ORDER
GRANTING MOTION FOR ORDER UNDER 18 U.S.C. § 3663A
AND DENYING MOTIONS/REQUESTS FOR RESTITUTION**

On January 11, 2017, the United States and Volkswagen AG entered into a Plea Agreement under Fed. R. Civ. P. 11(c)(1)(C) and the United States filed the Third Superceding Information in Criminal Case Number 16-20394, charging Volkswagen AG with three counts: 1) "18 U.S.C. § 371 – Conspiracy to Defraud the United States, to Commit Wire Fraud, and to Violate the Clean Air Act" (Count 1); 2) "18 U.S.C. § 1512 – Obstruction of Justice" (Count 2); and 3) "18 U.S.C. § 542 – Entry of Goods by False Statement" (Count 3).

On January 25, 2017, the United States Government filed an "Unopposed Motion and Memorandum To Authorize Alternative Victim Notification Procedures Pursuant To 18 U.S.C. § 3771(d)(2)." (D.E. No. 39). In that motion, the Government acknowledged that it has various obligations under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("the CVRA"). The Government's motion explained that it would be impractical to identify, and provide individual notice of every public proceeding to, each potential victim directly or proximately harmed by the

1

charged scheme to defraud in the criminal cases. Pursuant to 18 U.S.C. § 3771(d)(2), the Government asked the Court to adopt a reasonable procedure for providing notice to the potential crime victims in these criminal cases – allowing the Government to provide notice to the victims via three different websites maintained and regularly updated by the Government.

This Court granted the Government's motion and issued an "Order Establishing Procedure For Crime Victim Notification Pursuant To 18 U.S.C. § 3771(d)(2)" on February 7, 2017.

This Court later directed the Government to include information on those websites advising victims that they may submit written victim impact statements to the Court, via the assigned probation officer, which had to be received by April 12, 2017. (*See* D.E. No. 76). This Court confirmed that the Government promptly updated its websites to contain that information. Those websites also provided victim impacts forms that could be used.

Two miscellaneous cases were filed in this Court by alleged victims of the criminal offenses charged in the criminal case against Volkswagen AG (ie., individuals who claimed to have purchased affected Volkswagen vehicles).

Miscellaneous Case Number 17-mc-50280 was opened after Oleg Yarin filed a *pro se* "Motion For Establishment Of Crime Victim Status And Assertion Of All Crime Victim's Rights." Mr. Yarin identifies himself as the owner of a Volkswagen vehicle who opted out of the civil settlements in the multi-district litigation in California (*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prod. Liab. Litig.,* No. 3:15-md-02672-CRB (N.D. Cal.)). Mr. Yarin also indicates that he filed his own lawsuit against Volkswagen AG, that has since been transferred and made part of the multi-district litigation in California. In his various filings,

Mr. Yarin: 1) asserts that the Court should not accept the Rule 11 Agreement pertaining to Volkswagen AG; and 2) asks the Court to award Mr. Yarin (and others) restitution against Volkswagen AG in connection with the criminal case.

In response, the Government acknowledges that Mr. Yarin is a crime victim for purposes of the CVRA. The Government, however, asks the Court to reject Mr. Yarin's request for restitution and find that the requirements of 18 U.S.C. § 3663A(c)(3) are satisfied because individual restitution determinations in these criminal cases would unduly protract the litigation.

On March 6, 2017, Miscellaneous Case Number 17-mc-50336 was opened. In that miscellaneous case, counsel representing a number of alleged victims filed an "Objection To Plea Agreement Pursuant To Crime Victims' Rights Act" (D.E. No. 2 in Case No. 17-mc-50336) wherein counsel requested that this Court either reject the Rule 11 Agreement pertaining to Volkswagen AG "or, in the alternative, to defer a decision on whether or not to accept the proposed plea agreement until the Court has received and reviewed a presentence report, including any victim impact statements to be submitted and any submissions from their counsel detailing the reasons why the Objecting Victims" believe the plea agreement should be rejected. (*Id*. at 3).

On that same date, March 6, 2017, the Government and Volkswagen AG filed, in the criminal action, a "Joint Motion In Support Of Order Under 18 U.S.C. § 3663A(c)(3) Finding That Individual Criminal Restitution Is Not Appropriate." (D.E. No. 63 in Criminal Case No. 16-20394). In that submission, the Government and Volkswagen AG asked the Court to find that the CVRA's requirements are satisfied because individual restitution determination in these criminal cases would unduly protract the litigation. That is, they asked the Court to find that

restitution is not appropriate in this matter, and overrule the objections filed in the miscellaneous cases.  That motion states that the Department of Justice "is acutely aware of the need to recompense victims for the Volkswagen fraud and has taken enormous efforts to that end," and explains that two civil settlements in the civil multi-district litigation case against Volkswagen AG in California "provide an efficient and comprehensive mechanism for achieving consumer restitution."  (*Id*. at 2-3).  The motion explains that mechanism.  Later, the Government filed the same or similar filing in both of the miscellaneous cases.  (*See* D.E. No. 6 in Case No. 17-mc-50280; D.E. No. 4 in Case No. 17-mc-50336).

In addition, counsel for the alleged victims in Case No. 17-mc-50336 filed a motion asking the Court to provide restitution to victims in the criminal cases.  (*See* D.E. No. 6 in Case No. 17-mc-50336).

All of the motions concerning restitution have been fully briefed and the Court concludes that oral argument is not necessary.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan

On March 10, 2017, this Court held a plea hearing in the criminal case against Volkswagen AG.  At that time, Volkswagen AG entered a guilty plea to Counts 1, 2, and 3 of the Third Superceding Information.  This Court accepted that guilty plea on behalf of the corporation.  After having done so, this Court noted that under Rule 11(c) of the Federal Rules of Criminal Procedure, this Court may accept the Rule 11 Agreement, may reject it, or may defer its decision on whether to accept or reject it until after having reviewed a presentence report.

The Court then allowed both the Government and Defense Counsel to be heard as to their respective positions as to how the Court should proceed.  Both the Government and Defense

Counsel urged the Court to accept the Rule 11 Agreement and proceed directly to sentencing at the March 10, 2017 hearing.

The Court then indicated that it would allow any victims, or represented victims, to be heard by the Court. The Court noted that Mr. Yarin had filed a miscellaneous case, and the Court had reviewed the filings in that case prior to the hearing. Mr. Yarin did not appear at the March 10th hearing. Attorneys for the group of alleged victims that filed Miscellaneous Case Number 17-50336, however, did appear for the March 10th hearing and were allowed to present their views as to how the Court should proceed. Those alleged victims urged the Court, through their counsel, to either reject the Rule 11 Agreement or to take it under advisement.

At the conclusion of the March 10th hearing, this Court took the Rule 11 Agreement under advisement, and referred the matter to the Probation Department for the preparation of a presentence report. The Court set a sentencing hearing for April 21, 2017.

At the April 21, 2017 hearing, the Court noted that one important aspect of the Rule 11 Agreement under consideration is that it provides for no restitution for victims in connection with this criminal case. Pages 14 to 15 of the Rule 11 Agreement state as follows:

> E.    Restitution
>
> No order of restitution is appropriate in this case pursuant to 18 U.S.C. § 3663A(c)(3), as the number of identifiable victims is so large as to make restitution impracticable and/or determining complex issues of fact related to the cause or amount of victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process. Moreover, as noted in Paragraph 2(A) above, the Defendant has already agreed to compensate members of the class in In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation, No. 3:15-md-2672 (N.D. Cal.), which consists of individuals who purchased affected vehicles described in Exhibit 2.

(Rule 11 Agreement at 14-15).

5

At the April 21, 2017 Sentencing Hearing, the Court allowed all alleged victims who wished to be heard by the Court to express their respective positions concerning restitution. The Court also read and considered all written submissions filed in both the of the miscellaneous cases and all of the written victim impact statements submitted to the Court.[1]

After careful deliberation, having considered the competing arguments, as well as all written motions and submissions to the Court, this Court finds, pursuant to 18 United States Code Section 3663A, that from the facts on the record, that determining complex issues of fact related to the cause or amount of victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process. Accordingly, the Court:

1) **OVERRULES** the victim objections to the Rule 11 Agreement, made in connection with Miscellaneous Cases 17-mc-50336 and 17-mc-50280, and those made via written impact statements;

2) **DENIES** all motions and requests for restitution in Miscellaneous Cases 17-mc-50336 and 17-mc-50280; and

3) **GRANTS** the Joint Motion for Order under 18 U.S.C. Section 3663A in Criminal Case Number 16-20394 and related motions/requests made in Miscellaneous Cases 17-mc-50336 and 17-mc-50280.

The Court further **ORDERS**, that as to Miscellaneous Cases 17-mc-50336 and 17-mc-50280, this is a final order that closes those cases.

**IT IS SO ORDERED**.

---

[1] Those victim impact statements were collected by United States Probation Officer assigned to the case and were provided to the Court along with the Presentence Report.

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: April 21, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 21, 2017, by electronic and/or ordinary mail.

                                              s/Jennifer McCoy
                                              Case Manager